UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   For Online Publication Only
ROBERT AJAMIAN,

                      Appellant,

                                                                                                **ORDER**
      -against-                                                                 15–CV–652 (JMA)

NATHAN SCHWED,

                      Appellee.

-----------------------------------------------------------------X

**AZRACK, United States District Judge:**

*Pro se* appellant Robert Ajamian ("appellant") appeals Bankruptcy Judge Louis A. Scarcella's June 19, 2014 Order (the "Order"), which denied appellant's motion to reopen the bankruptcy proceeding of debtor Continental Broker-Dealer Corporation ("debtor"). (Not. of App. from Bankr. Ct., ECF No. 1.)

On May 18, 2015, the Court ordered appellant to explain why this matter should not be dismissed for lack of subject matter jurisdiction given that appellant waited over five months to appeal the Order. See Fed. R. Bankr. P. 8002(a) (requiring a notice of appeal to be filed within 14 days after entry of the order being appealed); In re Siemon, 421 F.3d 167, 169 (2d Cir. 2005) ("[I]n the absence of a timely notice of appeal . . . the district court is without jurisdiction to consider the appeal . . . .") abrogated on other grounds by In re Indu Craft, Inc., 749 F.3d 107 (2d Cir. 2014). Appellant responded that: (1) the bankruptcy court lacked authority under Stern v. Marshall, 131 S. Ct. 2594 (2011), to enter a final order concerning his motion; (2) he had "communications problems" with the bankruptcy court; and (3) he "was treated with hostility when it was necessary to get out of bankruptcy court to get into [the] constitutional question." (Resp. to Order to Show Cause, ECF No. 14.)

1

The Court lacks subject matter jurisdiction over this appeal. Appellant did not timely appeal the Order or timely request an extension of time to file an appeal. Furthermore, the Court fails to see how Stern applies here. In Stern, the Supreme Court held that the bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." Stern, 131 S. Ct. at 2620 (emphasis added). Here, in contrast, appellant moved to reopen the debtor's bankruptcy proceeding to file a proof of claim against the debtor for damages resulting from the allegedly fraudulent activity of debtor's former employee, Samuel Zakarian. Although appellant cryptically asserts that the relief he sought below implicates "a constitutional question," (see Resp. to Order to Show Cause), Stern neither holds nor suggests that bankruptcy courts lack authority to enter final orders concerning either motions to reopen bankruptcy proceedings or claims against a debtor's estate.[1] Finally, although appellant refers to "communications problems" and "hostility" between himself and the bankruptcy court, appellant's vague assertions hardly excuse his failure to file a timely notice of appeal.

The Court notes that appellant attached to his appellate brief a five-count "Statement of Claim," dated July 18, 2014, against both the debtor and Samual Zakarian. That "Statement of Claim" is not properly before the Court. The Court expresses no opinion as to the merits of any of the claims asserted therein.

For the foregoing reasons, the Court dismisses this appeal for lack of subject matter jurisdiction. The Clerk of Court is directed to close the case and to mail a copy of this Order to appellant.

---

[1] Even if there was a Stern issue, appellant failed to raise it in a timely appeal.

**SO ORDERED.**

Dated: July 23, 2015
      Central Islip, New York                      /s/    JMA
                                                        JOAN M. AZRACK
                                                        UNITED STATES DISTRICT JUDGE